UNITED STATES of America,
Appellee,

v.

Alfred Peter AVASSO, also known
as Al Anderson, Defendant,

Robert Schulman, Defendant–
Appellant.

Docket No. 00–1506.

United States Court of Appeals,
Second Circuit.

Oct. 1, 2001.

**34**

Michael F. Bachner New York, NY, for appellant.

Joanna C. Hendon, Assistant United States Attorney, Southern District of New York, New York, NY, for appellee.

Present CARDAMONE, PARKER and CUDAHY *, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant–Appellant Robert Schulman appeals from the April 5, 1999 judgment of the district court entered upon a July 29, 1998 jury verdict in which Schulman was convicted of conspiring to commit securities fraud, wire fraud, and commercial bribery, and from the July 5, 2000 opinion and order of the district court denying Schulman's motion for a new trial.

This appeal concerns a series of events in which Schulman was implicated in a conspiracy to commit wire fraud and commercial bribery in violation of 18 U.S.C. §§ 1343, 1346, and 1952(a)(3) when he paid an undercover agent of the Federal Bureau of Investigation ("FBI"), who was posing as a stockbroker, an undisclosed 30% commission for causing his customers to purchase stock in Grayhound Electronics. After approximately seven conversations and one face-to-face meeting, the agent purchased 50,000 shares of Grayhound stock, worth about $18,750, and two days later Schulman caused 15,000 shares to be transferred into an account ostensibly owned by the agent's friend.

After Schulman was arrested in October 1996, a jury trial was conducted in July 1998. At trial, the government's evidence consisted of tapes and transcripts of the conversations and the meeting, documentary evidence, the testimony of the agent, and the expert testimony of Cameron Funkhouser, who was Director of Market Regulation for the National Association of Securities Dealers ("NASD"). On July 29, 1998, the jury returned a guilty verdict against Schulman.

On March 3, 2000, Schulman moved, pursuant to Fed.R.Crim.P. 33, for a new trial based on newly discovered evidence. The motion was based on administrative investigations of the agent conducted by

---

* The Honorable Richard D. Cudahy, United States Court of Appeals for the Seventh Circuit, sitting by designation.

the FBI. Schulman argued that he should have been permitted to use evidence of these investigations at trial to impeach the agent's credibility. The district court overruled the motion in an opinion and order dated July 5, 2000.

On appeal, Schulman argues that the district court committed reversible error by: admitting Funkhouser's testimony on the purpose of the NASD rule requiring disclosure of compensation; denying his motion for a new trial in light of the new evidence available; and instructing the jury that "[a] person is presumed to intend the natural and probable consequences of his actions."

*Expert testimony*

██ "As a general proposition, the decision of whether to admit expert testimony is left to the discretion of the trial judge and should not be set aside unless manifestly erroneous." *United States v. Duncan,* 42 F.3d 97, 101 (2d Cir.1994) (internal quotation marks omitted).

██ Schulman argues that Funkhouser's testimony, that broker compensation is a material fact in a purchaser's decision which must be disclosed under NASD rules, was inadmissible because it "directed the jury to a guilty verdict." We disagree. First, Funkhouser was testifying not about the legal standards according to which the jury should evaluate Schulman's conduct, but about the general purpose of NASD disclosure rules. Second, even if the testimony had been inadmissible, any error on this score was harmless in light of the extremely strong evidence against Schulman and the curative instructions given by the district court. *See Duncan,* 42 F.3d at 103.

*Motion for a new trial*

██ "A motion for a new trial on the ground of newly discovered evidence is committed to the court's sound discretion. Such relief is merited only if, inter alia, the

evidence is such that it would probably lead to an acquittal." *United States v. Diaz,* 922 F.2d 998, 1006 (2d Cir.1990) (internal quotation marks and citations omitted). A new trial is merited only if it "would create a reasonable doubt that did not otherwise exist." *Id.*

██ Schulman argues that he should be given a new trial because he could have used this evidence to impeach the agent's credibility. We disagree. The evidence is, at best, only mildly probative of the agent's credibility, and certainly not so probative "that it would probably lead to an acquittal." *Id.* Similarly, since we conclude that this evidence was not material, Schulman's argument that a new trial is warranted under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), fails. *See United States v. Payne,* 63 F.3d 1200, 1208, 1209–11 (2d Cir.1995).

*Jury Instructions*

██ Both sides agree that, under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the court erred when it instructed the jury that "[a] person is presumed to intend the natural and probable consequences of his actions." However, such an error may be harmless "if the reviewing court may confidently say, on the whole record, that the [*Sandstrom*] error was harmless beyond a reasonable doubt." *Rose v. Clark,* 478 U.S. 570, 576, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). Indeed, this Court has on several occasions affirmed convictions despite such errors. *See, e.g., United States v. Allah,* 130 F.3d 33, 42 (2d Cir.1997) (holding that, "in the context of the charge as a whole," *Sandstrom* error was not plain error because it did not affect defendants' substantive rights, and collecting cases). In light of the court's reiteration on more than one occasion that the government bore the burden to prove all the elements beyond a

reasonable doubt, and the court's charge to the jury to examine the defendant's words and conduct in the context of surrounding circumstances, and because we find that the evidence of Schulman's intent was quite strong, we conclude that the court's error was harmless.

For the reasons set forth above, the judgment of the district court is AFFIRMED.